UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN SATCHELL,

                              Plaintiff,

-against-

CITY OF NEW YORK – D.O.C, et al.,

                              Defendants.

1:23-cv-11119-GHW

ORDER OF SERVICE

---

GREGORY H. WOODS, United States District Judge:

    Plaintiff, who is currently incarcerated in the Clinton Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983, while he was detained in the West Facility on Rikers Island. Dkt. No. 6. He alleges that his rights were violated in his state-court criminal proceedings, and that he was subjected to unconstitutional conditions of confinement in the Vernon C. Bain Center ("VCBC"), in the Bronx, New York, and in other facilities on Rikers Island. Named as defendants in the amended complaint are the City of New York and three unidentified "John Doe" correction officers. By order dated January 11, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Dkt. No. 4.

    For the reasons set forth below, the Court (1) declines to reconsider the dismissal of Plaintiff's claims arising from his criminal proceedings in the New York Supreme Court, Queens County; (2) dismisses the claims against the New York City Department of Correction ("NYDOC") because it is not a suable entity; (3) substitutes the City of New York for NYCDOC, under Rule 21 of the Federal Rules of Civil Procedure; (4) requests that the City of New York waive service of summons; and (5) directs Plaintiff, within 30 days, to submit to the Court a letter providing more detailed, descriptive information about the three unidentified "John Doe" defendants.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**DISCUSSION**

**A.      Previously Dismissed Claims**

The Court assumes familiarity with the underlying facts of this action as summarized in Chief Judge Laura Taylor Swain's June 21, 2024 order. Dkt. No. 5. In that order, Chief Judge Swain considered Plaintiff's claims arising from his then pending state-court criminal proceedings, found that he was requesting the court's intervention, and held that the court must abstain from intervening in those proceedings under the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971). As Chief Judge Swain has already addressed and dismissed Plaintiff's claims arising from his criminal proceedings, and Plaintiff does not allege any reasons for reconsideration, the Court

2

declines to reconsider the dismissal of those claims.[1] This action will proceed only with respect to Plaintiff's claims of unlawful strip searches and conditions of confinement under Section 1983.

**B.      Claims Against the New York City Department of Correction**

Plaintiff's claims against the DOC, which he refers to as "City of New York – D.O.C.," must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

---

[1] To the extent that Plaintiff, who has since been convicted, seeks to challenge the validity of his conviction, Section 1983 is not the proper vehicle for doing so. Plaintiff can only obtain relief from his conviction, after exhausting all of his available state-court remedies, by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). Because Petitioner was convicted and sentenced in Queens County, which is located in the United States District Court for the Eastern District of New York, any Section 2254 petition should be filed in that court. *See* 28 U.S.C.§ 2241(d); Local Civil Rule 83.3.

**C.    Waiver of Service of Summons**

The Clerk of Court is directed to notify the New York City Department of Correction ("NYCDOC") and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

**D.    Unidentified "John Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, however, Plaintiff does not supply sufficient information to permit the NYCDOC to identify the three named unidentified "John Doe" correction-officer defendants who were allegedly involved in the deprivation of Plaintiff's rights.

The Court therefore orders Plaintiff, within 30 days, to submit to the Court a letter providing more detailed, descriptive information about those defendants. Plaintiff should include, if known, the dates and times of the incidents, and the descriptions of the officers involved, including hair and eye color, height, weight, and any distinctive marks or tattoos. Once Plaintiff provides this information to the Court, the Court will direct the New York City Law Department, which is the attorney for and agent of the NYCDOC, to identify, by name and badge number, those officers.

## CONCLUSION

Plaintiff's claims arising out of his criminal proceedings were dismissed in the court's June 21, 2024 order, under the *Younger* abstention doctrine. The Court declines to reconsider the dismissal of those claims.

The Court also dismisses Plaintiff's claims against the "City of New York – D.O.C." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs Plaintiff, within 30 days, to submit to the Court a letter providing more detailed, descriptive information about the three unidentified "John Doe" defendants.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to add the City of New York as a defendant under Fed. R. Civ. P. 21. The Clerk of Court is also directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons. The Clerk of Court is further instructed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   September 27, 2024
         New York, New York

                                              _____
                                                     GREGORY H. WOODS
                                                   United States District Judge