```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
JOHN SATCHELL,                                                :
                                                              :
                                    Plaintiff,                :        1:23-cv-11119-GHW
                                                              :
                -v-                                           :              ORDER
                                                              :
CITY OF NEW YORK, et al.,                                     :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/2025

GREGORY H. WOODS, United States District Judge:

On January 6, 2025, the Court ordered that Corporation Counsel for the City of New York ascertain the identities, shield numbers, and service addresses of the unidentified defendants described in Plaintiff's complaint, as expanded upon in Plaintiff's letter dated January 2, 2025. Dkt. No. 23. On March 5, 2025, Corporation Counsel requested an extension of time to file a response. Dkt. No. 26. The Court granted this extension, extending the deadline to submit a response to March 21, 2025. Dkt. No. 27. Then, by letter dated March 21, 2025, Corporation Counsel explains why she failed to provide any identities of individuals described in Plaintiff's filings. Dkt. No. 29.

First, Corporation Counsel fails to provide any identities of the officers involved in the alleged operation of October 3, 2019. Corporation Counsel justifies this failure because 1) a "use of force incident" was recorded for that day, not in housing area 2BA (as Plaintiff alleges) but in housing area 2AA, and 2) DOC records suggest that Plaintiff entered custody on October 8, 2019 and was not housed in either 2BA or 2AA at that time.[1] **The Court orders that Plaintiff provide a**

---

[1] The Court will not at this stage in the litigation accept Defendants' representation regarding DOC records, which are contradicted by Plaintiff's pleadings, for the purpose of denying Plaintiff the opportunity to name the defendants involved in the events he has alleged. If Plaintiff alleges that an event occurred on a particular date in a particular housing area, the Court cannot dismiss the allegation before discovery simply because Corporation Counsel represents that she possesses contradictory evidence.

**response to Defendants' letter and that in Plaintiff's response, Plaintiff clarify the date and location of his allegation that in early October of 2019, a team of corrections officers entered his housing area and violated his rights.**  Plaintiff's response is due no later than May 1, 2025.

Second, Corporation Counsel fails to provide any identities of the officers involved in Plaintiff's other allegations, claiming that "Plaintiff's additional information remains too vague." Dkt. No. 29 at 2.  Where Plaintiff has adequately provided the position, the housing unit, the shift, the physical characteristics, and the month and year of the incident, *see, e.g.*, Dkt. No. 22 at 4, this information should be sufficient for Corporation Counsel to make her best efforts to ascertain the identities of these officers.  However, on pages 3 and 5 of his January 2, 2025 letter, Plaintiff fails to provide the dates on which the events at issue occurred.  **Plaintiff therefore is directed to include in his response to Defendants' letter, due no later than May 1, 2025, additional information regarding the dates of the alleged events.**

Third, Corporation Counsel fails to provide the shield numbers and addresses of the corrections officers Plaintiff specifically names:  Hogien, Bauser, and Diesler.  Corporation Counsel has not represented to the Court that she is unable to identify any corrections officers, or specific corrections officers, based on these names alone.  Therefore, Corporation Counsel is ordered to provide the identities, shield numbers, and service addresses of these individuals.[2]

---

[2] Corporation Counsel argues that the allegations with respect to Hogien, Bauser, and Diesler are "imprecise."  Dkt. No. 29 at 2.  Corporation Counsel provides no law in support of the proposition that they are not under an obligation to comply with the Court's *Valentin* order simply because the allegations are imprecise.

2

The initial pretrial conference scheduled for March 31, 2025 is adjourned *sine die*. The Clerk of Court is directed to mail a copy of this order and the documents at Dkt. Nos. 22 and 29 to Plaintiff by certified mail.

    SO ORDERED.

Dated: March 25, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge