```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
JOHN SATCHELL,                                                   :
                                                                 :
                                      Plaintiff,                 :    1:23-cv-11119-GHW
                                                                 :
                      -v-                                        :    ORDER
                                                                 :
CITY OF NEW YORK, et al.,                                        :
                                                                 :
                                      Defendants.                :
                                                                 :
---------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/2025

GREGORY H. WOODS, United States District Judge:

The Court received Plaintiff's letters filed on April 16, 2025 and April 21, 2025. Dkt. Nos. 33, 36. In his letters, Plaintiff requested that a lawyer be "appointed to [his] case." Dkt. No. 33. Plaintiff's second letter could be read as a motion for certification of a class. Dkt. No. 36. The Court must deny Plaintiff's request for the appointment of counsel at this time. The Court further denies Plaintiff's motion for class certification.

The *in forma pauperis* ("IFP") statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v.*

*A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits factor is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Plaintiff's IFP application was granted, Dkt. No. 4; Plaintiff therefore qualifies as indigent. However, because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court denies Plaintiff's request for the appointment of counsel without prejudice, meaning that Plaintiff may file a request for the Court to seek pro bono counsel at a later date.

As for Plaintiff's motion to certify a class of similarly situated prisoners subject to unconstitutional seizures, Plaintiff's motion is denied because "a class action cannot be maintained by *pro se* litigants." *Ackers v. U.N.*, No. 05-cv-1200 (FB), 2005 WL 806592, at *1 n.1 (E.D.N.Y. Apr. 8, 2005); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

The Court notes that the Court has received Plaintiff's complaint with Plaintiff's allegations contained therein. Therefore, Plaintiff need not keep sending letters repeating these same allegations. If Plaintiff wishes to amend his previous allegations with *new* or *additional* allegations, Plaintiff must receive the Court's permission or must get the consent of the defendants. If Plaintiff would like to request permission, he must make a motion to amend the complaint and attach the proposed amended complaint. If this amended complaint were accepted, it would **replace**, not supplement, his original complaint, which means that his previous allegations would be deemed withdrawn if they are not repeated in his new amended complaint. Without filing such a motion, the Court is not considering any facts included in Plaintiff's letters as modifications of his original

complaint.  The Court again reminds Plaintiff that it has received Plaintiff's complaint, and the allegations contained within it are the subject of this litigation.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: April 28, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge