```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
JOHN SATCHELL,                                                    :
                                                                  :
                                    Plaintiff,                    :    1:23-cv-11119-GHW
                                                                  :
                  -v-                                             :         ORDER
                                                                  :
CITY OF NEW YORK, et al.,                                         :
                                                                  :
                                    Defendants.                   :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/13/2025

GREGORY H. WOODS, United States District Judge:

Plaintiff *pro se* commenced this action on December 21, 2023. Dkt. No. 1. Plaintiff filed an Amended Complaint on December 4, 2024. Dkt. No. 18. On December 12, 2024, the Court ordered that Plaintiff submit more detailed descriptive information about the unidentified defendants in his Amended Complaint. Dkt. No. 19. Plaintiff provided such information on January 2, 2025, Dkt. No. 22, so the Court ordered on January 6, 2025 that Corporation Counsel for the City of New York ascertain the identities, shield numbers, and service addresses of the unidentified defendants, Dkt. No. 23. In response to a request from Corporation Counsel, the Court ordered on March 25, 2025 that Plaintiff provide clarification of the dates and locations of his allegations. Dkt. No. 30. Plaintiff failed to provide such clarification; instead, he has since filed multiple letters reasserting some of the allegations in his Amended Complaint. Dkt. Nos. 33, 36.

On April 28, 2025, the Court stated that it would not consider Plaintiff's new letters as amended pleadings without a formal application to amend his pleadings. Dkt. No. 37. Specifically, the Court stated in the April 28, 2025 order:

> If Plaintiff wishes to amend his previous allegations with new or additional allegations, Plaintiff must receive the Court's permission or must get the consent of the defendants. If Plaintiff would like to request permission, he must make a motion to amend the complaint and attach the proposed amended complaint. If this amended complaint were accepted, it would replace, not supplement, his original complaint,

      which means that his previous allegations would be deemed withdrawn if they are not repeated in his new amended complaint.

*Id.* at 2.  That same day, the City of New York filed a motion to dismiss Plaintiff's Amended Complaint.  Dkt. No. 38.

      On May 16, 2025, Plaintiff filed a new letter formatted as an amended complaint.  Dkt. No. 41.  This letter reasserts his claims of unreasonable searches and seizures but does not reallege any of the allegations or claims raised in his Amended Complaint regarding unsafe prison conditions.  *See id.*  On May 19, 2025, the Court issued an order declining to accept Plaintiff's May 16, 2025 filing as an amended pleading because Plaintiff had not moved for leave to amend his complaint.  Dkt. No. 42.  Then, on June 6, 2025, the Court received a letter from Plaintiff acknowledging receipt of the Court's order and explicitly requesting leave to amend the complaint.  Dkt. No. 43.  The Court therefore understands that Plaintiff would like to move forward with the complaint filed at Dkt. No. 41, filed on May 16, 2025.

      Plaintiff's application at Dkt. No. 43 is granted.  The Court accepts Plaintiff's filing at Dkt. No. 41 as the operative Second Amended Complaint.  Any claims not raised in the May 16, 2025 complaint are deemed withdrawn.  Therefore, the City of New York's motion to dismiss the Amended Complaint, Dkt. No. 38, is denied as moot.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 38 and to mail a copy of this order to Plaintiff by certified mail.

      SO ORDERED.

Dated: June 13, 2025
      New York, New York

                                                   GREGORY H. WOODS
                                                United States District Judge