```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
JOHN SATCHELL,                                                       :
                                                                     :
                                        Plaintiff,                   :   1:23-cv-11119-GHW
                                                                     :
                      -v-                                            :   ORDER
                                                                     :
CITY OF NEW YORK, *et al.*,                                          :
                                                                     :
                                        Defendants.                  :
                                                                     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Plaintiff *pro se* commenced this action on December 21, 2023. Dkt. No. 1. Plaintiff filed an Amended Complaint on December 4, 2024. Dkt. No. 18. On December 12, 2024, the Court ordered that Plaintiff submit more detailed descriptive information about the unidentified defendants in his Amended Complaint. Dkt. No. 19. Plaintiff provided such information on January 2, 2025, Dkt. No. 22, so the Court ordered on January 6, 2025 that Corporation Counsel for the City of New York ascertain the identities, shield numbers, and service addresses of the unidentified defendants, Dkt. No. 23. In response to a request from Corporation Counsel, the Court ordered on March 25, 2025 that Plaintiff provide clarification of the dates and locations of his allegations. Dkt. No. 30. Plaintiff failed to provide such clarification; instead, he has since filed multiple letters reasserting some of the allegations in his Amended Complaint. Dkt. Nos. 33, 36.

      On April 28, 2025, the Court stated that it would not consider Plaintiff's new letters as amended pleadings without a formal application to amend his pleadings. Dkt. No. 37. Specifically, the Court stated in the April 28, 2025 order:

> If Plaintiff wishes to amend his previous allegations with new or additional allegations, Plaintiff must receive the Court's permission or must get the consent of the defendants. If Plaintiff would like to request permission, he must make a motion to amend the complaint and attach the proposed amended complaint. If this amended complaint were accepted, it would replace, not supplement, his original complaint,

>which means that his previous allegations would be deemed withdrawn if they are not repeated in his new amended complaint.

*Id.* at 2. That same day, the City of New York filed a motion to dismiss Plaintiff's Amended Complaint. Dkt. No. 38.

On May 16, 2025, Plaintiff filed a new letter formatted as an amended complaint. Dkt. No. 41. This letter reasserted his claims of unreasonable searches and seizures but did not reallege any of the allegations or claims raised in his Amended Complaint regarding unsafe prison conditions. *See id.* On May 19, 2025, the Court issued an order declining to accept Plaintiff's May 16, 2025 filing as an amended pleading because Plaintiff had not moved for leave to amend his complaint. Dkt. No. 42. Then, on June 6, 2025, the Court received a letter from Plaintiff acknowledging receipt of the Court's order and explicitly requesting leave to amend the complaint. Dkt. No. 43. The Court therefore understood that Plaintiff would like to move forward with the complaint filed at Dkt. No. 41, filed on May 16, 2025. The Court, on June 16, 2025, therefore granted Plaintiff's June 6, 2025 application and deemed the complaint at Dkt. No. 41 to be the operative amended complaint. Dkt. No. 44. The Court also dismissed as moot Defendant City of New York's motion to dismiss the prior operative complaint. *See id.*

Then, on June 27, 2025, the Court received another letter from Plaintiff requesting leave to file an amended complaint without explanation of what amendments he anticipates making on this occasion. Dkt. No. 47. Plaintiff's application is denied. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017). "Repeated failure to cure deficiencies by

amendments previously allowed" warrants denial of leave to amend. *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998). "A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

Plaintiff has amended his complaint multiple times in a very short timespan. Plaintiff has had ample opportunity to state his claims and fails to specify why another amendment would cure any deficiencies in his complaint. Further, the Court has already denied as moot one of Defendants' motions to dismiss. The Court finds that further unjustified delay would result in undue prejudice to Defendants. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.

SO ORDERED.

Dated: July 2, 2025
      New York, New York

_____
GREGORY H. WOODS
United States District Judge